For Plaintiff: Baker & Spicer.

For Defendant: Sherwood, Heltzen & Clifford.

---

Mary E. Corcoran vs. Thomas J. Corcoran } Div.No.20797

RESCRIPT

May 25, 1927

BLODGETT, J. Petition for separate maintenance upon allegations of extreme cruelty and neglect to provide.

A bill of particulars filed contains all the alleged acts of cruelty upon which the petition was based. The testimony offered was confined to the items of the bill.

Petitioner, the wife, a woman well along in years, has within a few years undergone two operations and been confined for a period in a hospital.

Husband and wife held in common the house in which they lived. This house was sold and the proceeds divided. From the sale the wife received $3500 in cash as her share. A son of petitioner and respondent purchased the property, obtained a sufficient amount on a mortgage upon the same to pay the petitioner $3500, and now holds title to the same. The testimony further discloses that a dispute has arisen between father and son relative to this property and the respondent received nothing from the proceeds of the sale.

While this testimony has no direct bearing upon the issues raised in this action, yet it throws some light upon the conduct of the parties and their relations toward each other and is a partial explanation of the fact that for a somewhat long period the respondent has done nothing for the support of his wife.

The respondent is employed by the City of Providence in the Water Department and receives $26 per week.

As to the allegations of extreme cruelty the testimony is that for a period before the final separation the parties had not cohabited and, further, although living in the same house, had not spoken to each other. This shows a most unfortunate domestic condition.

As to acts of actual physical cruelty the testimony is somewhat meagre. It is evident that during the period of the wife's confinement to the hospital the husband failed to give her any of those attentions which a loving husband should give to his wife, even if the wife had failed to show much respect or love toward him. It appeals to the Court as showing on the part of the husband failure to make any advance toward a reconciliation and evidences a mental obstinacy on his part to take advantage of an opportunity to renew relations that at one time existed. This seems to the Court to be evidence of extreme cruelty and united with other acts on the part of the husband to entitle the petitioner to a decree.

The matter of alimony is more difficult of determination. The petitioner at present lives with her daughter. The respondent is in receipt of a limited income and apparently involved in a dispute with his son as well as his wife. His legal liability is based upon his actual means at the present time. The testimony discloses that at the present time he has no property and that his equity in the real estate is in dispute. Out of his small salary he must support himself. At one period he paid eight dollars per week for his wife's support. At present her financial condition does not appear any more serious than his own from the testimony and the Court cannot see how the respondent can pay more than seven dollars per week out of his earnings.

The petition is granted on the ground of extreme cruelty and a decree may be presented in conformity with the decision.

For Petitioner: A. Truman Patterson and Russell W. Richmond.

For Respondent: Frank H. Bellin.